UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>  Plaintiff,<br><br>vs.<br><br>BRAD LITTLE, Idaho Governor,<br><br>  Defendant. | Case No. 1: 22-cv-00141-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis on March 26, 2022 (mailbox rule). Dkts. 2, 4. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action March 26, 2022—mailbox rule), he brought three or more civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

- Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

- The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous on October 14, 2021. Dkt. 15.

- Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

- Case No. 20-cv-502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

- Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

- Case No. 20-cv-00557-DCN, *Sileoni v. Idaho Parole Board*, was dismissed for failure to state a claim on September 1, 2021. Dkt. 14.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

- Case No. 21-cv-00006-BLW, *Sileoni v. Shelby*, was dismissed for failure to state a claim on November 5, 2021. Dkt. 12.
- Case No 21-cv-00038-DCN, *Sileoni v. IRS*, was dismissed for failure to state a claim on February 25, 2022. Dkt. 14.

In the present action, Plaintiff complains of various general conditions of confinement—not enough beds for the current population, not enough out-of-cell time, not enough medical staff, not enough correctional officers, and other problems. However, the only allegations that are personal to Plaintiff are that, because Plaintiff was denied parole, a member of the Argentinian mafia wrote a letter to his family telling them they had to pay them back for certain property, and Plaintiff felt obliged to write them back and join their mafia organization. Dkt. 2, p. 2.

Plaintiff will be given leave to state exactly how overcrowding and lack of staffing and other problems are causing *him* to be in under imminent danger of serious physical injury. He will be required to use the Court's form complaints so that his allegations are concise and understandable. Plaintiff must not attempt to include allegations allegedly representing the points of view of other inmates or the general population of the men's and women's prisons in Idaho. Only one claim or issue may be addressed per form. Each form may be copied multiple times so that Plaintiff can address his issues. Plaintiff shall not include his own personal claims or issues that have already been adjudicated by the federal court.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's In Forma Pauperis Application (Dkt. 4) is DENIED without prejudice.

2. Plaintiff must file an amended complaint on the Court's pleading forms (attached) 28 U.S.C. § 1915(g), showing that he meets the three strikes exception, within **30 days** after entry of this Order. Alternatively, he can pay the $402 filing fee, and the Court will issue a successive screening order.

DATED: October 4, 2022

B. Lynn Winmill
U.S. District Court Judge